UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**ODETTE CYRUS**,                                              :
                                                               :
                Plaintiff,                 :
                                                               :  **MEMORANDUM DECISION AND**
       – against –                                         :  **ORDER**
                                                               :
                                                               :  20-CV-6397 (AMD) (TAM)
**LOCKHEED MARTIN CORP**, *et al.*                             :
                                                               :
                Defendants.                :
                                                               :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, proceeding *pro se*[1] and *in forma pauperis* ("IFP"), brings this action against the defendant Lockheed Martin (the "corporate defendant"), John Franceshina and Brian Loughlin (the "individual defendants") for alleged violations of the Civil Rights Act and the Age Discrimination in Employment Act. The individual defendants move to dismiss the plaintiff's claims against them for lack of subject matter jurisdiction and insufficient service of process. For the reasons explained below, I deny the defendants' motion.

## BACKGROUND

      On December 3, 2019, the plaintiff filed a complaint with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission (the "EEOC") against the corporate defendant, who was her former employer. (ECF No. 1 at 11.) The plaintiff alleged that the individual defendants, who supervised the plaintiff when she and they worked for the corporate defendant, subjected her to race and age-based discrimination and retaliation. On September 30, 2020, the EEOC closed the plaintiff's case, and issued a right to

---

[1] The plaintiff's counsel entered an appearance "for the limited purpose of settlement negotiations, mediation, and/or settlement conference." (ECF No. 16.)

sue letter, because it was "unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at 29.)

On December 29, 2020, the plaintiff sued all three defendants in this Court, alleging that they subjected her to discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. (ECF No. 1.) On January 21, 2021, the Court granted the plaintiff's application to proceed IFP and directed the United States Marshals Service to serve copies of the summons, complaint and IFP order on the defendants. (ECF No. 4.) On June 4, 2021, the corporate defendant filed an answer to the plaintiff's complaint. (ECF No. 10.)

On or around June 21, 2021, counsel for the individual defendants—who also served as counsel to the corporate defendant—told the plaintiff that the individual defendants had not been served properly. (ECF No. 25 ¶ 2.) On July 1, 2021, the Marshals Service delivered the summonses to "Kathy" at the "front desk" of an office in Melville, New York, where the individual defendants worked. (ECF Nos. 13, 14.) At a July 12, 2021 conference with the Honorable Taryn A. Merkl, the defendants' counsel again stated that the individual defendants had not been served properly. (ECF No. 23 at 5:1-5.) The plaintiff explained that she was relying on the Marshals Service to effect service. (*Id.* at 26:24-28:6.) Judge Merkl observed that service of the summonses was "part of the Marshal's area of responsibility," and offered to contact the *pro se* office on the plaintiff's behalf. (*Id.* at 26:6-15, 27:13-18.) On September 8, 2021, the individual defendants filed a motion to dismiss the complaint under Rules 4(m), 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 24.) On December 7, 2021, the plaintiff filed an affidavit stating that she "caused to be served via United States Postal Service upon [the defendants' attorney]." (ECF No. 31.)

2

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* A court deciding a motion to dismiss pursuant to Rule 12(b)(1) may consider evidence outside of the pleadings, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986), but must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). This includes serving the defendant "within the time period established by Rule 4(m)." *Stewart v. ACS-Kings Cty.*, No. 18-CV-1798, 2019 WL 1349501, at *2 (E.D.N.Y. Mar. 26, 2019) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." To determine whether the plaintiff has met her burden, the Court "may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction and service was proper." *Jordan-Rowell v. Fairway Supermarket*, No. 18-CV-01938, 2019 WL 570709, at *5 (S.D.N.Y. Jan. 16, 2019) (quoting

3

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *3 (S.D.N.Y. Sept. 30, 2018)), *report and recommendation adopted*, 2019 WL 568966 (S.D.N.Y. Feb. 12, 2019).

## DISCUSSION

### I. Subject Matter Jurisdiction

According to the defendants,[2] this Court has no subject matter jurisdiction because the plaintiff did not exhaust her administrative remedies through the EEOC. (ECF No. 26 at 6-9; ECF No. 30 at 3-4.) But failing to exhaust administrative remedies "raises no jurisdictional bar to the claim proceeding in federal court." *Holmes v. YMCA of Yonkers, Inc.*, No. 19-CV-620, 2020 WL 85389, at *1 n.2 (S.D.N.Y. Jan. 7, 2020) (quoting *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015)); *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019) (explaining that "Title VII's charge-filing instruction is not jurisdictional, a term generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)"); *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (stating that "a plaintiff's failure to fully comply with the remedial administrative scheme envisioned by Title VII does not preclude judicial review").

In this Circuit, the EEOC's administrative filing requirements operate "like a statute of limitations," *Hardaway*, 879 F.3d at 491 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)), and exhaustion "should be treated as an affirmative defense." *Id.* Thus, the defendants' motion "properly is analyzed under Rule 12(b)(6)." *Holmes*, 2020 WL 85389, at *1 n.2. Although the defendants move to dismiss under Rule 12(b)(1), a court may still construe the

---

[2] I refer to the individual defendants in this section as "the defendants" for simplicity's sake.

4

motion "as one to dismiss under 12(b)(6)." *Basile v. Levittown United Tchrs.*, 17 F. Supp. 3d 195, 206 (E.D.N.Y. 2014) (quoting *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 666 (S.D.N.Y. 2001)).

Nevertheless, I decline to construe the defendants' motion as a Rule 12(b)(6) motion. Because the defendants have not been properly served, as explained below, the Court does not have personal jurisdiction over them and cannot decide the merits of the plaintiff's case. *See George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016) ("Where a defendant moves to dismiss under both Fed. R. Civ. P. 12(b)(5), for insufficient service of process, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim, the trial court will ordinarily 'consider[ ] the jurisdictional issues first.'" (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 386 (S.D.N.Y. 2002))); *see also Anders v. Verizon Commc'ns Inc.*, No. 16-CV-5654, 2018 WL 2727883, at *6 (S.D.N.Y. June 5, 2018). "A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question." *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)).

## II. Service of Process

The defendants argue that the plaintiff did not meet her burden of proving adequate service. (ECF No. 26 at 9-12; ECF No. 30 at 4-5.) The plaintiff responds that she "met her responsibility to notify" the defendants. (ECF No. 28 at 8; *see also* ECF No. 29 at 12.) In addition to pointing out that the same lawyer represents all three defendants (ECF No. 28 at 7-9; ECF No. 29 at 10-13), the plaintiff maintains that the defendants should have received the summonses that the Marshals Service left with "Kathy" at the "front desk." (ECF No. 29 at 14.) In any event the plaintiff says, the Court should excuse defective service because of the COVID-

19 pandemic and her IFP status; she also argues that the Marshals Service was responsible for serving the summonses properly. (*Id.* at 12-14, 19-20.)[3]

Rule 4(e) governs service of process, and provides that a plaintiff may serve an individual by: (1) following state law in the state where the district court is located; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the defendant's residence with someone of suitable age and discretion who lives there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e). Because this Court is in New York, Rule 308 of the New York Civil Practice Law and Rules governs service of process under Rule 4(e)(1).[4] Rule 308 provides five methods for serving an individual: (1) delivering the summons on the individual personally; (2) delivering the summons to the individual's place of business or residence, as well as mailing the summons to the individual at his place of business or residence, such that delivery and mailing occur within 20 days of each other; (3) delivering the summons to an agent; (4) if neither 308(1) or 308(2) service can be made "with due diligence," by affixing the summons to the door of the individual's place of business or residence, as well as mailing the summons to the place of business or residence; or

---

[3] The plaintiff filed two different responses to the defendant's motion to dismiss. (*See* ECF Nos. 28, 29.) The first was filed on time; the second was filed three days after the court-ordered deadline. The defendants request that I strike the second response as untimely. (*See* ECF No. 30 at 2.) That application is denied, "[i]n recognition of the special solicitude owed *pro se* litigants." *Gallo v. Inter-Con Sec. Sys. Inc.*, No. 20-CV-4879, 2021 WL 3913539, at *4 n.5 (S.D.N.Y. Sept. 1, 2021); *cf. Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 79 (E.D.N.Y. 2010) (declining to strike an answer as untimely "where there was only a four day delay and the answer was filed *pro se*"); *see generally Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." (citing *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000))).

[4] The plaintiff contends that service is governed by N.Y. C.P.L.R. 2103. Rule 2103 governs service of papers, not service of summons, which is covered by Rule 308. *Compare* N.Y. C.P.L.R. 2103 *with* N.Y. C.P.L.R. 308.

6

(5) if 308(1), 308(2), or 308(4) is "impracticable," then delivering summons in a manner specified by the court. *See* N.Y. C.P.L.R. 308.[5]

### a. Insufficient Service

The Marshals Service did not serve the defendants personally or leave a copy of the summons and complaint at the defendants' residences. Accordingly, the only potentially applicable provisions of Rule 4(e) are 4(e)(1), which permits service by following the law of the state where the district court is located, and 4(e)(2)(C), which covers service by agent; and the only provisions of New York law that potentially apply under 4(e)(1) are Rule 308(2), which permits service at an individual's place of business through delivery and mail, and 308(3), which covers service by agent.

New York's Rule 308(2) does not apply because the plaintiff does not allege or offer any evidence that she mailed the summons to the defendants at their residences or place of business. *See* N.Y. C.P.L.R. 308(2) (requiring both delivery and mailing). The plaintiff states that she "caused to be served via United States Postal Service upon [the defendants' counsel]," but mail service on the defendants' counsel is insufficient. *See Gustavia Home, LLC v. Palaguachi*, No. 16-CV-3898, 2018 WL 8544253, at *2 (E.D.N.Y. Sept. 13, 2018) ("Section 308 requires strict compliance with [its] statutory methods for effecting personal service upon a natural person[.]") (citing *Washington Mut. Bank v. Murphy*, 127 A.D.3d 1167, 1174 (2d Dep't 2015)) (internal quotation marks omitted); *Phillip v. City of New York*, No. 09-CV-442, 2012 WL 1598082, at *3

---

[5] The plaintiff does not explain how the pandemic kept her from serving the defendants properly. *See Trustees of United Plant & Prod. Workers Loc. 175 Benefits Fund v. Mana Constr. Grp., Ltd.*, No. 18-CV-4269, 2021 WL 4150803, at *4 (E.D.N.Y. July 30, 2021), *report and recommendation adopted*, No. 18-CV-4269, 2021 WL 4147421 (E.D.N.Y. Sept. 13, 2021) ("While the Court is aware of the difficulties faced by counsel during the pandemic, Plaintiffs must specify the impacts which interfered with proper service and provide some support for their position." (citing *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448, 2020 WL 8678078, at *3 (S.D.N.Y. July 13, 2020))).

(E.D.N.Y. May 7, 2012). Nor does Rule 308(3) apply, because the plaintiff does not offer any writing that designates "Kathy" at the "front desk" or the defendants' counsel as the defendants' designated agent for service. *See* N.Y. C.P.L.R. 318 (requiring that the designation of an agent for service be "in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon"). Similarly, Rule 4(e)(2)(C) does not apply because there is no evidence that either "Kathy" or the defendants' counsel were "authorized by appointment or by law to receive service of process." *See E.L.A. v. Abbott House*, No. 16-CV-1688, 2018 WL 3104632, at *7 (S.D.N.Y. Mar. 27, 2018) (citing *Orix Fin. Servs., Inc. v. Cline*, 369 F. App'x 174, 176 (2d Cir. 2010)).

    **b. Extension of Time**

Rule 4(m) requires dismissal of an action if a defendant is not served within 90 days after the complaint is filed, but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Tung v. Hemmings*, No. 19-CV-5502, 2021 WL 4147419, at *5 (E.D.N.Y. Sept. 13, 2021) (quoting *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013)).

The plaintiff proceeds *in forma pauperis*, and "relies on the U.S. Marshals Service to serve her summons and complaint pursuant to [Federal Rule of Civil Procedure] 4(c)(3)." *DeVore v. Neighborhood Hous. Servs. of Jamaica Inc.*, No. 15-CV-6218, 2017 WL 1034787, at *14 (E.D.N.Y. Mar. 16, 2017) (collecting cases). *Pro se* plaintiffs proceeding IFP "are entitled to rely on the Marshals to effect service," *Maitland v. Lunn*, No. 14-CV-5938, 2017 WL 1088122, at *7 (E.D.N.Y. Mar. 21, 2017) (quoting *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir.

8

2012)), and "[t]he failure of the Marshals Service to properly effect service of process constitutes 'good cause' within the meaning of Rule 4(m)." *McCalmann v. Partners in Care*, No. 01-CV-5844, 2002 WL 856465, at *1 (S.D.N.Y. Apr. 25, 2002) (quoting *Stonescu v. Jablonsky*, 162 F.R.D. 268, 270 (S.D.N.Y. 1995)); *see generally Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 144 (S.D.N.Y. 2016) ("Where *pro se* plaintiffs reasonably rely on various arms of the Court during the service process but those actors fail to carry out their duties, courts have found 'good cause' for service failures.").[6] Under these circumstances, I find that there is good cause to extend the time to serve the individual defendants.

---

[6] Although the plaintiff should have advised the Court that she was "relying on the Marshals to effect service and request[s] a further extension of time for them to do so," *Meilleur*, 682 F.3d at 63, "the Court will not fault [the] [p]laintiff for failing to request an extension," *Maitland*, 2017 WL 1088122, at *7, because the Court knew that the plaintiff was relying on the Marshals Service, and contacted the *pro se* office on the plaintiff's behalf to assist with effecting personal service. "In any event, based on [the plaintiff's] *pro se* status and the general preference to decide cases on the merits, the Court would exercise its discretionary authority" and grant an extension of time. *Id.* (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)).

## CONCLUSION

The individual defendants' motion to dismiss is denied. The Court finds that good cause exists to extend the time to complete service, and grants the plaintiff 30 days from the date of this Order to re-serve the summons and complaint on these defendants. The United States Marshals Service is respectfully directed to serve the summons and the complaint on John Franceshina and Brian Loughlin. In addition, the Clerk of the Court is respectfully directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

                                                        s/Ann M. Donnelly
                                                      ANN M. DONNELLY
                                                      United States District Judge

Dated: Brooklyn, New York
        January 24, 2022